IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Joel B. Greer, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 8:10-2937-TLW-JDA |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# ORDER

Plaintiff brought this action pursuant to 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Defendant, Commissioner of Social Security, denying his claim for disability insurance benefits. This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Jacquelyn D. Austin, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C.). In the Report, the Magistrate Judge recommends that the decision of the Commissioner be reversed and that the case be remanded to the Commissioner for further administrative action consistent with the recommendation, pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 29). The Commissioner filed objections on March 8, 2012. (Doc. # 31). The matter is now ripe for review.

In conducting this review, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an

objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the record, the Magistrate Judge's analysis as found in the Report, and the Commissioner's objections to the Report. After careful review, the Court **ACCEPTS** the Magistrate Judge's Report. (Doc. # 29). For the reasons articulated by the Magistrate Judge, the Commissioner's decision is **REVERSED** under sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** to the Commissioner for further administrative action as outlined in the Report.

**IT IS SO ORDERED**.

s/Terry L. Wooten
United States District Judge

March 14, 2012
Florence, South Carolina